OSWALD HYDE, APPELLEE, v. SARAH J. McCONNELL ET AL., APPELLANTS.

FILED OCTOBER 2, 1894.   No. 5628.

Specific Performance : HOMESTEAD: EVIDENCE. On full examination of all the evidence, the findings made and relief granted by the trial court are found to be fully justified, and its judgment is, therefore, affirmed.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

*Saunders & Macfarland* and *C. S. Dickey*, for appellants.

*Gregory, Day & Day, contra.*

RYAN, C.

This action was begun in the district court of Douglas county for a specific performance by Sarah J. McConnell and her husband, John McConnell, of a written contract for the conveyance of the south twenty-five feet of lot 3, in block 10, in Brown Park Addition to South Omaha. By the terms of this contract Sarah J. McConnell was bound to convey to John F. Kenny the property above

described, upon payment of the total amount of $350 in quarterly payments of $25 each. This contract was assigned to appellee, from whom Mrs. McConnell received several payments, though her written assent to the transfer was not indorsed as required by the terms of the contract itself. This contract was dated March 19, 1888. The assignment thereon was made in August, 1889. In the month last named the assignee, with his family, took possession of the property described in the aforesaid contract, and have ever since maintained that possession. While thus in possession the assignee made valuable and lasting improvements of the property. This unimproved half lot was shown at the time of the trial to have been worth about $400. Improved as it was, it was worth between $1,500 and $1,600. Mr. and Mrs. McConnell, before the commencement of the suit, made a warranty deed describing the premises involved, but, as appellee was then in possession, this pretended conveyance cuts no figure in the controversy. The defendants Mr. and Mrs. McConnell alone testified adversely to several witnesses on behalf of the plaintiff, but their evidence showed a disposition to quibble, not to say prevaricate. Interrupting the cross-examination of Mr. McConnell there occurred this colloquy between the witness and the attorney for Mrs. McConnell:

Mr. Macfarland : That is the only home you folks have?

A. Yes, sir.

Q. You and your wife occupy it as a home?

A. Yes, sir.

On this scrap of evidence the argument in this court has largely been directed to the homestead rights of Mr. and Mrs. McConnell, and the indispensable requirement in respect to a homestead that both should have joined in the executory contract above referred to. Elsewhere it was shown in evidence that Mr. and Mrs. McConnell resided on that part of the lot not herein involved, and that between the

different parts of the lot there was maintained a division fence. This testimony might in terms as aptly have referred to the fraction occupied by the McConnells as to the other part, and in view of all the evidence it is quite clear that consistently with the truth no other reference could have been in the mind of Mr. McConnell when he made the answers to the two interrogatories above set out. In this conclusion we are confirmed by the fact that no homestead rights or disabilities anywhere in the pleadings were mentioned by any litigant. On all disputed matters the findings of the district court were as they should have been, favorable to the appellee, and proper relief was decreed. Its judgment is therefore

AFFIRMED.

IRVINE, C., took no part in the determination of this case.